In the Matter of MAX WILE et al., Appellants, against JOSEPH D. McGOLDRICK, as State Rent Administrator, et al., Respondents.

First Department, June 8, 1954.

*Walter T. Kohn* of counsel (*J. Chas. Weschler* with him on the brief; *Weschler & Kohn,* attorneys), for appellants.

*Mortimer G. Levine* for Ben J. Slutsky and another respondents.

*Emory Gardiner* of counsel (*Robert H. Schaffer,* attorney), for Joseph D. McGoldrick, as State Rent Administrator, respondent.

*Per Curiam.* The State Rent Administrator in a proceeding under subdivision 4 of section 4 of the State Residential Rent Law (L. 1946, ch. 274, as amd.) and subdivision 5 of section 33 of the State Rent and Eviction Regulations has granted a 15% overall increase in maximum rents of the controlled tenants in the respondent hotel. Therein, the value of the property was fixed at $1,900,000 and a 6% return was fixed thereon. This finding was based upon a sale of the realty in November, 1951. The documentary evidence discloses that the sale price of the realty was $1,500,000.

The respondent landlord claimed that the remaining $400,000 represented the purchase price of the furniture and fixtures. The report of the auditing division of the rent commission is to the contrary. Therein it is stated that a valuation of $400,000 for furniture and fixtures was excessive because in a previous audit in a similar proceeding the value for similar assets was fixed at $162,752.95. This was the total cost thereof as shown by the books of the former owner with apparently no deduction for depreciation. The respondent landlord, according to the report, was requested to furnish information as to further acquisitions of furniture but none was forthcoming. The auditing division concluded that $400,000 was excessive and had not been established and the valuation was adjusted to $162,752.95. The final order of the State Administrator does not refer to these findings but only states that " since the property was purchased on November 15, 1951, the Administrator found it

proper to compute the net return to which the landlord was entitled on the purchase price of $1,900,000.''

It is clear from the record that the sum of $237,247.05 which is the difference between $400,000 and the acquisition price of the furniture as found in the sum of $162,752.95 represents the amount paid for good will, including the right to use the name '' Olcott ''.  We recognize that under paragraph a of subdivision 5 of section 33 of the regulations the Administrator may make a determination that the valuation of the property is an amount different from the equalized assessed valuation where there has been a bona fide sale of the property subsequent to March 15, 1951.  It seems to us, however, that if such sale price is adopted it should not include the amount paid for good will. Here the hotel had a substantial transient business.  It operated either directly or through tenants a restaurant and bar for use by the general public.  Under such circumstances statutory tenants occupying controlled space should not be required to pay increased rents to yield the landlord a net annual return of 6% upon the value of good will.

If the value representing good will is permitted to be used as the basis of a 6% return so as to warrant increases in rent, such increases would serve, in turn to further enhance the good will value and so an inflationary spiral would be created.

Furthermore, it appears that 98 of the 115 controlled apartments were unfurnished.  We believe that there should be suitable adjustments so that statutory tenants occupying unfurnished apartments would not be required to pay increased rents to yield the landlord a 6% return upon the fair value of furniture used in other apartments.

Moreover, it would seem that the decision of the Administrator to fix the value of the property at the full amount of the purchase price was erroneous in the light of all the facts.  It has been stated that the purchase price in November, 1951, was $1,900,000.  In 1952, however, the landlord-owner commenced a proceeding to review the 1952–1953 assessment of $1,500,000. On February 24, 1953, the owners and the city entered into a stipulation that the assessment be reduced from that figure to $1,350,000.  Some two months later the proceeding to increase rents now under review was initiated.  The petition of the landlord does not reveal this reduction but states that the only tax reduction in the last three years was in the tax year 1951–1952 when the assessment was reduced from $1,600,000 to $1,500,000.  The fact of the subsequent reduction was placed in

the record, however, by the tenants at a conference with the commission in June, 1953.

We have said that in a proceeding such as this it is discretionary for the commission to make a determination that the valuation of property is an amount different from the assessed valuation (*Matter of Abrams* v. *McGoldrick*, 282 App. Div. 192) and the rules of the commission contain similar provisions (State Rent & Eviction Regulations, § 33, subd. 5, par. a). It is difficult, however, for us to reconcile the decision of the Administrator fixing the value of the property at the full amount of the purchase price in the light of the facts here presented and particularly the agreement made by the landlord-owner with the city that the assessed value of the property was only $1,350,000. While we recognize that assessed valuation is not the sole criterion in determining the value of property, it is entitled to great weight. This is particularly so where the amount of the assessment is not one arbitrarily fixed by the city but has been agreed upon by both parties.

The order appealed from should be reversed, with costs, the determination of the State Rent Administrator annulled and the matter remitted for further consideration in the light of this opinion.

Dore, J. P., Cohn, Callahan, Bastow and Botein JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants, the determination of the State Rent Administrator annulled and the matter remitted for further consideration in the light of the opinion herein. Settle order on notice.