Saul S. Streit, J.
This is a motion to review the order of the State Rent Administrator.
In the proceeding before the Administrator, the petitioner sought relief under the “ net annual return” provision of the rent control law.
The respondent refused to use the cost of acquiring the property as a base in processing the application, basing his opinion on the fact that there was abnormal financing in the situation. He then proceeded to use the equalized assessed valuation as the basis for processing the application.
The petitioner purchased the property and took it subject to the existing mortgages plus cash over such mortgages. The cash involved in the purchase was 9.05% of the purchase price. The Administrator has set 15% cash as an arbitrary figure as *350 the amount of cash which he will consider as normal financing in a given situation.
There is no question that the mortgages involved in the sale were bona fide mortgages existing at the time of the purchase. There is likewise no showing that there was any collusion between the purchaser and the previous owners of the mortgages. There is an affidavit submitted by a real estate expert, which stands uncontradicted, which states that in his opinion, after analyzing all the conditions of the sale of the instant property, the cash involved was within the normal range of real estate dealings. It is his opinion that the cash paid on the sale was normal in view of the amortization payments required under the mortgages. He points out, quite correctly, that the only way that more cash could have been put into the property is either by paying more for the property than demanded or that the purchaser prepay the existing mortgages. Such procedure does not fall within the range of normal real estate practice. There is a further statement that' the cash paid on purchases in transactions with respect to property in the immediate area, and in other parts of the city, is frequently in the range of 9% or 10% of the purchase price, including mortgages.
The requirement by the Administrator that in every real estate sale there must be 15% cash involved, without taking, into consideration all the other circumstances of the sale, is an arbitrary standard. Under the circumstances in this ease, the ruling that the petitioner must have 15% cash in the property, to obtain the relief sought before the Administrator, is arbitrary, capricious and unreasonable (Matter of Lese v. Temporary State Mousing Rent Comm., 15 Misc 2d 143).
The motion is granted and the proceeding remanded to the respondent for action not inconsistent with this opinion.
Settle order.